**STUDENTS FOR A CONSERVATIVE AMERICA; Matthew Cox; Colleen McLaughlin; Dan Burkhart, Plaintiffs–Appellants,**

v.

**M.R.C. GREENWOOD, in her official capacity as Chancellor of the University of California Santa Cruz (UCSC); Francisco Hernandez, in his official capacity as Vice Chancellor of Student Affairs at UCSC; Matthew Jones, in his official capacity as Chair of the UCSC Student Union Assembly (SUA) & member of the SUA Elections Commission; Sharhonda Bossier, in her official capacity as UCSC**

SUA Elections Commissioner; Susie Vilayvanh, in her official capacity as UCSC SUA Elections Commissioner, Defendants–Appellees.

No. 03–15199.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2004.

Filed Aug. 11, 2004.

Amended Dec. 9, 2004.

James Bopp, Jr., Bopp, Coleson & Bostrom, Terre Haute, Indiana, for the plaintiffs-appellants.

Christopher M. Patti, University of California, Oakland, California, for the defendants-appellees.

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

## ORDER

The Opinion filed on August 11, 2004, is amended as follows: on slip opinion, page 11083 replace the first paragraph with the following language:

We do not, however, address that issue, as this appeal is currently moot. Mootness is a flexible justiciability doctrine that allows review "if there are present effects that are legally significant." *Jacobus v. Alaska*, 338 F.3d 1095, 1104 (9th Cir.2003). "[W]e have an independent duty to consider *sua sponte* whether a case is moot." *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir.2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir.1999)).

Although the parties do not address this point, we conclude that the prayer for injunctive relief with regard to the 2002 election is now moot, because the student leaders who were seated as a result of the challenged May 2002 election have already completed their one year terms, which ended on June 30, 2003. As there are no present effects of the 2002 election, injunctive relief is unavailable to redress any harm that the appellants might have suffered. Further, as we detail below, the election code plaintiffs seek to challenge has now been revised. So far as the record reveals, the provisions to which plaintiffs object are not likely to be reinstated. The issue plaintiffs seek to litigate is therefore not "capable of repetition yet evading review." *See id.* at 1026–27.

The mandate shall issue forthwith.